UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LEON ROBINSON,

                Plaintiff,                 Case No. 17CV776

      -against-                 COMPLAINT

PAULFRA RESTAURANT INC. d/b/a SMOKE and
THE WESTBOURNE HOUSING DEVELOPMENT
FUND COMPANY, INC.,

                Defendants.

---

Plaintiff, LEON ROBINSON (hereinafter "Plaintiff"), through his undersigned counsel, hereby files this Complaint and alleges, as follows:

## INTRODUCTION

1. This is an action to redress discrimination on the basis of disability in violation of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181 et seq. (the "ADA"), and its implementing regulations, 28 C.F.R. Part 36. Plaintiff also sets forth claims for unlawful discrimination under the New York State Executive Law (the "Executive Law") § 296, New York State Civil Rights Law, § 40, and the Administrative Code of the City New York (the "Administrative Code"), § 8-107.

## PARTIES

2. The Plaintiff has Cerebral Palsy. As a result, Plaintiff utilizes a wheelchair to ambulate. Plaintiff therefore has a disability within the meaning of the ADA. 42 U.S.C. § 12102(2)(A). Plaintiff also has a physical disability within the meaning of the laws of the City and State of New York.

3. Defendant PAULFRA RESTAURANT INC. owns and operates a self described jazz and supper club (hereinafter, the "Club"). The Club is a "place of public accommodation" within the meaning of Title III of the ADA because its operations affect commerce and, among other things, it is "a restaurant, bar or other establishment serving food or drink." 42 U.S.C. § 12181(7)(B); see 28 C.F.R. § 36.104.

4. Defendant THE WESTBOURNE HOUSING DEVELOPMENT FUND COMPANY, INC. owns the property known and designated as 2751 Broadway, New York, New York (the "Property"), where the Club is located.

5. The Club occupies the Property pursuant to written agreement.

6. The Defendants are jointly and severally liable to Plaintiff for violation of her civil rights under the ADA.

## JURISDICTION and VENUE

7. This Court has jurisdiction over the ADA claims pursuant to 28 U.S.C. §§ 1331 and 1343, and pursuant to 28 U.S.C. § 1367(a), and the Court has supplemental jurisdiction over Plaintiff's claims brought under the laws of the State and City of New York.

8. Venue lies in this District pursuant to 28 U.S.C. § 1391(b). The acts of discrimination alleged in this complaint occurred in this District, and the public accommodation which is the subject of this action is situated in this District.

## STATEMENT OF FACTS

9. Defendants are required to remove architectural barriers to the physically disabled when such removal is readily achievable for a place of public accommodation that has existed prior to January 26, 1992, 28 CFR § 36.304(a).

10. In the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26, 1992, then the Defendants are required to ensure, to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402.

11. If the Property is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants' public accommodation must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

12. The Club, as described in its web site, "presents world-class jazz seven nights a week", and "Candlelit tables, plush velvet banquets, antique chandeliers, and an historic full-length bar create a real jazz vibe."

13. Plaintiff is an amateur musician and he would love nothing more than to get inside the Club and enjoy an evening of jazz.

14. Plaintiff lives near the Club, but he is faced with due to barriers to his entry, as more fully described below.

15. Plaintiff will continue to visit the Club and will enter as a patron once the barriers present at the Club have been remediated.

16. Prior to commencement of this action, an investigation of the Restaurant was conducted, which revealed the following, including the statutory barriers[1] cited (all of which were observed by, or discussed with, Plaintiff prior to the filing of the Complaint):

---

[1] Unless stated otherwise, the statutes cited hereunder refer to the 2010 ADA Standards for Accessible Design and are noted for reference to existing barriers and what remediation is necessary, not as violations of those statutes.

The Club is located mid-block on Broadway between West 105th and West 106th Streets. There is a rise at the entrance that prevents the Plaintiff from entering in his wheelchair. At the time of investigation, there was also a weather enclosure at the entrance, approximately 3 feet by 8 feet, which also inhibits wheelchair entry. The door, which swings out towards the street, sits in a recess of 36 inches with a step of roughly 6 ¼ inches in front of it. There is no 18 inch space on the pull side of the door which would allow Plaintiff to pull the door open independently, as his chair would be in the way.

**The following barriers are presented at the entrance**:

a) Plaintiff is unable to move from the sidewalk into the Club because of the step at the entrance. There is no accessible route to the entrance, as the step at the door creates a rise within the maneuvering clearance that Plaintiff cannot navigate in his wheelchair (206.2.1, 206.4, 402).

b) Due to the failure of the Defendants to ramp the rise over ½ inch at the entrance, there is no accessible route capable of navigation by a person in a wheelchair (206.4, 303.4, 402.1, 402.2, 403.4, 404, 405).

c) There is no accessible means of egress (207, 210).

d) The recessed door does not provide the minimum maneuvering clearances required for the Plaintiff and does not allow him to make an independent entrance (404.2.4.1, 404.2.4.3, 404.2.4.4).

Upon entry, there are a couple of bar height tables to the left of the bar. There is no low section at the bar which would allow Plaintiff to place an order or join friends at the bar. There is no 36 inch clear space enabling a wheelchair patron to pass the bar without asking other patrons to move out of the way.

On the right side, across from the bar, is the dining area, which consists of bench seating and "pedestal" style tables. There is a small stage located on the right side of the dining area. To the left of the stage are the bathrooms. There are no ADA compliant tables that would allow the Plaintiff the required space for his knees and toes and there is no path of travel throughout this club for the Plaintiff to traverse in his wheel chair. There is no clear space with aisles wide enough to allow Plaintiff to move around the Club.

**The following interior barriers are presented**:

e) There are no accessible seating/tables that allow both a 30 inch wide clear space for the Plaintiff to pull up in his wheel chair, beneath a table as there is insufficient room for his knees and toes. There is no 30 x 48 inch space for his chair to sit without obstructing others (306.1, 306.2, 306.3, 902).

f) The bar does not have a lowered section (less than 36 inches high for at least 36 inches long) that would allow the Plaintiff to approach and place an order or join others at the bar nor is there an accessible seat nearby which would allow him to sit in close proximity to the bar (904.4, 227.3).

g) There is no clear 36 inch pathway through any area that is open to the public (403.5, 403.5.1).

17. Defendants failed to remove the barriers complained of, some of which are depicted on attached Exhibit A, even though it is readily achievable to do so (42 USC § 12182(2) (a)).

18. In the alternative, there are readily achievable alternatives to barrier removal that Defendants could have undertaken and must undertake in order to make the goods, services and

facilities offered at the Club accessible to individuals with disabilities. 42 U.S.C. § 2182(b)(2)(A)(v); 28 C.F.R. §§ 36.305 and 36.308.

## CLAIMS FOR RELIEF

### CLAIM I

READILY ACHIEVABLE BARRIER REMOVAL

19. It is readily achievable for Defendants to remove the architectural barriers to access identified in paragraph 16. By failing to remove barriers to access to the extent it is readily achievable to do so, Defendants have violated Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(iii), (iv) and 28 C.F.R. § 36.304.

### CLAIM II

READILY ACHIEVABLE ALTERNATIVES TO BARRIER REMOVAL

20. In the alternative, if it is not readily achievable to remove all of the barriers to access set forth in paragraph 16, Defendants must provide readily achievable alternatives to barrier removal as required by 42 U.S.C. § 12182(b)(2)(A)(v) and 28 C.F.R. § 36.305.

21. By failing to undertake alternatives to barrier removal to the extent it is readily achievable to do so, Defendants have violated Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(v) and 28 C.F.R. § 36.305.

### CLAIM III

FAILURE TO COMPLY WITH THE EXECUTIVE LAW

22. It is readily achievable for Defendants to remove the architectural barriers to access identified in paragraph 16. By failing to remove barriers to access to the extent it is

readily achievable to do so, Defendants have violated Executive Law § 296(2)(c)(iii).

23. In the alternative, the Defendants have failed to provide Plaintiff with reasonable alternatives to barrier removal as required in violation of Executive Law § 296(2)(c)(iv).

## CLAIM IV

### FAILURE TO COMPLY WITH THE ADMINISTRATIVE CODE

24. The Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of Administrative Code § 8-107(4), by maintaining and/or creating an inaccessible place of public accommodation.

25. It is readily achievable for Defendants to remove the architectural barriers to access identified in paragraph 16. By failing to remove barriers to access to the extent it is readily achievable to do so, Defendants have violated Administrative Code § 8-107(4).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, in favor of Plaintiff, containing the following relief:

A. Enter declaratory judgment declaring that the Defendants have violated the ADA and implementing regulations, Executive Law and Administrative Code and declaring the rights of Plaintiff as to the Defendants' place of public accommodation

B. Issue a permanent injunction ordering the Defendants to remove all violations of the ADA, Executive Law and Administrative Code, including, but not limited to, the violations set forth above.

C. Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D. Award at least $2,000.00 (TWO THOUSAND DOLLARS) to Plaintiff as

compensatory damages, plus pre-judgment interest, as a result of the Defendants' violations of the New York State Executive Law and the Administrative Code of the City of New York;

E. Pursuant to New York State Civil Rights Law § 40-d, find the Defendants guilty of a class A misdemeanor for violating New York State Civil Rights Law;

F. Award reasonable attorneys' fees, costs and expenses pursuant to the Administrative Code;

G. Find that Plaintiff is a prevailing party in this litigation and award reasonable attorney fees, costs and expenses pursuant to the ADA; and

H. For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: February 1, 2017

*Donald J. Weiss*

Donald J. Weiss, Esq. (7619)
Attorney for Plaintiff
1 Penn Plaza, Suite 4701
New York, New York 10119
(212) 967-4440

EXHIBIT A



